(C.D. 3451)

A. N. DERINGER, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided May 15, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and initialed AHV Import Specialist's Initials by Import Specialist Arthur H. Vanderbeek Import Specialist's Name on the invoices covered by the above-entitled protest and assessed with duty at 20% ad valorem under item 680.22, Tariff Schedules of the United States (TSUS) as modified by T.D. 66–9, consist of parts of valves or similar devices, not hand-operated or check, and not ballcock mechanisms, used to control the flow of liquids or gases.

Plaintiff claims that said merchandise is dutiable at 10% ad valorem under item 680.27 TSUS and abandons all other claims.

IT IS FURTHER STIPULATED that the protest be deemed submitted on this stipulation.

Accepting the foregoing stipulation, we find and hold that the items marked "A" and initialed on the invoices by the designated import specialist consist of parts of valves or similar devices used to control the flow of liquid or gases, other. Therefore, the claim in the protest that said merchandise is properly dutiable at the rate of 10

per centum ad valorem under the provisions of item 680.27, Tariff Schedules of the United States, is sustained.

The claim in the protest having been abandoned as to all other merchandise, is hereby dismissed.

Judgment will be entered accordingly.

(C.D. 3452)

R. W. Smith, a/c Goodson Steel Corp. *v.* United States

United States Customs Court, Second Division

(Decided May 20, 1968)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Sheila N. Ziff* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise involved in this protest is described in the invoice as "Small Diamond Mesh Metal Lath Black Asphalt Painted". It was classified as articles of steel, not specially provided for, whether partly or wholly manufactured, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty at the rate of 19 per centum ad valorem was imposed.

The principal claim of plaintiff is that this merchandise is properly dutiable under paragraph 308 of the same act, as modified by Presi-